UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**Civil Action Number:**

ANCEL MONTENELLI,

    Plaintiff,

vs.

EL CANTON REGIO CORPORATION
d/b/a Canton Regio
and JOHN DOE,

    Defendants.

## COMPLAINT

Plaintiff Ancel Montenelli, by and through his undersigned counsel, hereby sues Defendant El Canton Regio Corporation doing business as Canton Regio and Defendant John Doe for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") 28 C.F.R. Part 36 and the Illinois Human Rights Act ("ILHRA") as codified at 775 ILCS 5 and alleges as follows:

### JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Northern District of Illinois.

3. The remedies provided by Illinois Statute §740 (the Illinois Human Rights Act 775 ILCS Sec 1-102) are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

4. All events giving rise to this lawsuit occurred in the State of Illinois. Venue is proper in this Court as the premises are located within the jurisdiction of this Court.

**PARTIES**

5. Ancel Montenelli (hereinafter referred to as "Plaintiff") is a resident of the state of Illinois. The Plaintiff is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Thus, Plaintiff suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act ("ADA"). The Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

6. Defendant El Canton Regio Corporation (also referenced as "Defendant El Canton Regio Corporation," "tenant," "operator," or "lessee") is the owner of a family friendly restaurant under the "Canton Regio" brand, which is open to the public.

7. Defendant El Canton Regio Corporation is authorized to conduct, and is conducting, business within the State of Illinois and within the jurisdiction of this court.

8. Defendant El Canton Regio Corporation's Canton Regio restaurant provides services and accommodations which subject it to ILHRA of the Illinois Statutes.

9. Defendant John Doe (also referenced as "Lessor," or "Owner") is the owner of a building (real property) located at 1510 West 18th Street, Chicago, Illinois 60608. The building is a multiple story, narrow complex which includes a restaurant on

the first floor called "Canton Regio," which is referenced throughout as "Canton Regio," "building," or "place of public accommodation."

10. Defendant John Doe leases space within its building to co-Defendant El Canton Regio Corporation (the lessee). The Lessee in turn operates the Canton Regio restaurant within that leased space.

11. Defendant John Doe is authorized to conduct, and is conducting business within the State of Illinois.

## FACTS

12. At all times material hereto, Defendant El Canton Regio Corporation has been leasing commercial space within Defendant John Doe's building.

13. Lessor Defendant El Canton Regio Corporation utilizes the commercial space for the operation of its Canton Regio restaurant.

14. The Canton Regio restaurant is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as: "[A] restaurant, bar, or other establishment serving food or drink". The Canton Regio restaurant is also referenced throughout as "Canton Regio," "restaurant," or "place of public accommodation."

15. As the operator of a restaurant which is open to the public, Defendant El Canton Regio Corporation is defined as a "Public Accommodation" within meaning of Title III because Defendant El Canton Regio Corporation is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104 and the Illinois Civil Rights Act, codified as Title XLIV.

16. As the owner and lessor (to others) of commercial space which is open to the general public as a restaurant, Defendant John Doe is also defined as a "Public Accommodation" within meaning of Title III because Defendant John Doe is a private entity which owns and/or leases to others "[A] restaurant, bar, or other establishment serving food or drink"; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104 and the Illinois Civil Rights Act, codified as Title XLIV. That commercial space is also referred to throughout a "place of public accommodation," "building," or "Subject Facility."

17. On May 19, 2016 the Plaintiff personally visited Defendant El Canton Regio Corporation's Canton Regio restaurant (which is located within Defendant John Doe's building) to purchase a meal.

18. The Plaintiff was denied full and equal access to the restaurant because the restaurant entrance was inaccessible for the Plaintiff, as there was no ramp access to accommodate Plaintiff and Plaintiff's wheelchair.

19. As such, the Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities of the Canton Regio restaurant by the operator/lessee of that restaurant (Defendant El Canton Regio Corporation) and by the owner/lessor of that building which houses the restaurant (Defendant John Doe).

20. As a result of the joint and several discrimination by Defendant El Canton Regio Corporation and Defendant John Doe, the Plaintiff has suffered loss of dignity, mental anguish, physical harm, and other tangible injuries and has suffered an injury-in-fact.

21. The Plaintiff continues to desire to patronize the Canton Regio restaurant which is within Defendant John Doe's building, but continues to be injured in that he

continues to be discriminated against due to the architectural barriers which remain at the Canton Regio restaurant, in violation of the ADA.

22. Any and all requisite notice has been provided.

23. The Plaintiff has been obligated to retain the civil rights law office of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

24. Plaintiff re-alleges and incorporates by reference the allegations set forth in ¶¶s 1-23 herein above.

25. The Americans with Disabilities Act ("ADA") is landmark Civil Rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 25 years. As such, all public accommodations and facilities have had adequate time for compliance.

26. Congress found, among other things, that:

> (i) some 43,000,000[1] Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;
>
> (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
>
> (iii) discrimination against disabled individuals persists in

---

[1] According to the 2010 Census, 56.7 million people, or 19% of the population had a disability.

5

such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv) Individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

27. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

28. Defendant John Doe is subject to the provisions of 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104 because it is the owner and lessor of a building (real property) which houses a restaurant (operated by Defendant El Canton Regio Corporation) which is open to the public and is therefore a place of public

accommodation. As such, the owner of the building[2] which leases the retail space and the operator of the restaurant[3] is jointly and singularly governed by the ADA, and must be in compliance therewith.

29. Defendant John Doe (owner/lessor of the building) and the attendant operator of the restaurant named Canton Regio (Defendant El Canton Regio Corporation) have discriminated against disabled patrons (in derogation of 28 C.F.R. Part 36).

30. Defendant John Doe (the owner/lessor) and Defendant El Canton Regio Corporation (the lessee and operator of the restaurant named Canton Regio) have discriminated (and continue to discriminate) against the Plaintiff (and others who are similarly situated) by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the restaurant, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

31. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the restaurant.

32. Prior to the filing of this lawsuit, the Plaintiff personally visited the building owned by Defendant John Doe (lessor) and the place of public accommodation therein specifically the Canton Regio restaurant operated by Defendant El Canton Regio Corporation, (the lessee), with the intention of patronizing that restaurant for the purpose of purchasing and eating a meal therein. But (as an individual with a disability who

---

[2] Defendant John Doe
[3] Defendant El Canton Regio Corporation

7

utilizes a wheelchair for mobility), the Plaintiff has been denied adequate accommodation by virtue of being unable to independently enter [M1]the restaurant in order to purchase and eat his meal due do those area's inaccessible features, and therefore suffered an injury in fact.

33. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

34. The commercial space which is owned by Defendant John Doe (owner/lessor) which houses the Canton Regio restaurant is operated by Defendant El Canton Regio Corporation (tenant/lessee). This commercial space is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of inter alia, the following specific violations:

i. As to Defendant El Canton Regio Corporation (the lessee and operator of the restaurant) and Defendant John Doe (owner/lessor of the building housing the restaurant) (jointly and severally): failure to provide an accessible entrance. The designated parking abutting the entrance walkway to the Canton Regio restaurant has a step up without any provision of a curb ramp. The step represents an insurmountable barrier to independent entry to the Canton Regio restaurant by the Plaintiff and other individuals who use wheelchairs or electronic scooters.

Therefore the walkway to the Canton Regio restaurant from the street cannot be navigated by individuals confined to wheelchairs (no ramp access such that individuals confined to wheelchairs are prohibited from entry), in violation of 28 C.F.R. Part 36, Section 4.7.

ii. As to Defendant El Canton Regio Corporation (the lessee and operator of the restaurant) and Defendant John Doe (owner/lessor) (jointly and severally): the entrance of the restaurant does not have signage displaying the international symbol for accessibility, in violation of 28 C.F.R. Part 36 and ADA Code §216.6.

35. More access barrier violations may be present, which will be determined and proven through the discovery process.

36. Pursuant to the ADA, 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants (and each of them) are required to make the building and the restaurant housed therein accessible to persons with disabilities since January 28, 1992. The property owner/lessor Defendant John Doe and the lessee (operator of the restaurant) Defendant El Canton Regio Corporation, have jointly and severally failed to comply with this mandate.

37. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the restaurant until the requisite modifications are completed.

**WHEREFORE,** Plaintiff Ancel Montenelli hereby demands judgment against the property lessor (owner of the building) Defendant John Doe and the lessee (operator

of the restaurant) Defendant El Canton Regio Corporation and requests the following injunctive and declaratory relief:

    a)    The Court declares that the property owner/lessor Defendant John Doe and the lessee/operator Defendant El Canton Regio Corporation are violative of the ADA and order the restaurant to be closed to the public until such time as it is deemed by this Court to be accessible;

    b)    The Court enter an Order requiring the property owner/lessor Defendant John Doe and the lessee/operator Defendant El Canton Regio Corporation to alter the restaurant such that it is accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

    c)    The Court enter an Order directing the owner/lessor Defendant John Doe and the lessee/operator Defendant El Canton Regio Corporation to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the parties (jointly and severally) to undertake and complete corrective procedures to the building and the attendant business (restaurant) therein;

    d)    The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff, and the Court award reasonable costs and attorneys fees; and

    e)    The Court awards such other and further relief as it deems necessary, just and proper.

## COUNT II - VIOLATION OF ILLINOIS HUMAN RIGHTS ACT

38. Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶s 1-23 herein above.

39. The owner/lessor Defendant John Doe and Defendant El Canton Regio Corporation (the lessee/operator of the restaurant) have violated the Illinois Human Rights Act ("ILHRA"), as codified at 775 ILCS 5.

40. The ILHRA provides that all individuals within the state of Illinois shall be free from discrimination based upon physical or mental disabilities; 775 ILCS 5/1-102 §1-102(A).

41. The Plaintiff suffers from a disability included within the definition of disability as delineated within the ILHRA, which states that [a] disability means a determinable physical or mental characteristic of a person including a characteristic which may result from disease, injury, or congenital condition of birth or a functional disorder; 775 ILCS 5/1-103 §1-103(I).

42. Defendant John Doe (as lessor and owner) and Defendant El Canton Regio Corporation (as lessee and operator) own and/or operate a restaurant which is a place of public accommodation, as defined within 775 ILCS 5/5-101(A)(6[M2]).

43. The ILHRA states that it is a civil rights violation for any person to discriminate in the provision of enjoyment of facilities, goods, and services in any public place of accommodation; 775 ILCS 5/5-102(A).

44. The violations of Illinois law were deliberate and knowing.

45. Under the ILHRA, as codified at 775 ILCS 5/8, the Plaintiff is entitled to

file a civil action against the Defendants in accordance with the code of civil procedure.

**WHEREFORE,** Plaintiff Ancel Montenelli respectfully prays that this Court grant the following relief against John Doe (as lessor and owner) and Defendant El Canton Regio Corporation (as lessee and operator) including damages costs and reasonable attorney's fees and for the following injunctive relief and declaratory relief:

a) A declaration that the John Doe (as lessor and owner) and Defendant El Canton Regio Corporation (as lessee and operator) have owned and/or operated the Subject Facility in violation of the ILHRA and have violated 775 ILCS 5 et. seq in that the Defendants failed to consider and accommodate the needs of disabled persons to the full extent required by Illinois law.

b) An Order mandating that Defendants undertake and complete corrective measures to provide equal access to individuals with disabilities within a reasonable time;

c) An Order mandating that Defendants expeditiously make all reasonable and appropriate modifications to the Subject Facility to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated against or treated differently than from the general public;

d) Award damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

e) Award reasonable costs and attorneys fees; and

f) Award any and all other relief that may be necessary and appropriate.

Dated this 12th day of September, 2018.

Respectfully submitted,

*s/Scott R. Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Illinois 33127
Tel: (786) 431-1333
Fax: (786) 513-7700
inbox@dininlaw.com
*Counsel for Plaintiff*

13